THE STATE v. ORVILLE HINTHORN, Appellant.

Division Two, June 25, 1926.

1. **SEARCH: Continuance.** Where the officers began the search of defendant's premises at night and could not complete it because of a failure of their flash-light, a search made the next morning after daylight was only a continuation of the search authorized by the search warrant, and was not a second and separate search made without a warrant.

2. ———: **Filing Return.** A failure of the sheriff to file a return upon a search warrant, with the justice of the peace by whom it was issued, after the search was made, does not authorize a suppression of the evidence obtained by the search. The failure of the sheriff to make a prompt return on the search warrant in no wise affects the validity of the search previously made.

3. **JURORS: No Challenge.** Where the trial court was not asked to rule upon the qualifications of jurors, and their right to sit upon the panel was not challenged by appellant, an assignment on appeal that they were incompetent because related to attorneys for the State cannot be considered.

4. **EVIDENCE: Admissions in Defendant's Presence.** In the prosecution of a defendant for setting up a still for the unlawful manufacture of intoxicating liquor on a farm occupied by him and a third party, the admission of the testimony of a witness that said third party had said to him that he had sold whiskey in a certain city is not error, where defendant was present and was engaged in the same general conversation, and said statement was apparently made in connection with the alleged statement of defendant that he and said third party were partners in making whiskey.

5. ———: **Expert: Prosecuting Attorney.** Defendant cannot take a chance upon a favorable answer and wait until the unfavorable answer is made before objecting to the question calling for the answer. Where defendant was being prosecuted for the setting up of a still for the unlawful manufacture of intoxicating liquor, and a number of questions leading up to the particular matter and disclosing the purpose of the examination of the prosecuting attorney had been asked, and answered by him, an objection that the witness was not qualified as an expert to testify that whiskey obtained in the search was "hootch" comes too late, if made for the first time after the question was answered.

6. ———: **Defendant as Witness: Cross-Examination.** An assignment that defendant was improperly cross-examined upon matters not referred to in his direct examination is not well taken where no such objection was made at the trial.

7. **INSTRUCTION: Erroneous Date: Palpable Error.** In the trial of defendant for the felony of setting up a still for the unlawful manufacture of intoxicating liquor under the law which went into effect on June 26, 1923, an instruction telling the jury that if defendant committed the act charged "at any time before the 26th day of June, 1923, and the 12th day of July, 1924," was a palpable error, the evident intent being to fix the time after the law became effective and before the information was filed; and there being not the slightest question under all the evidence that the act of defendant in setting up and operating the still, if he did so at all, occurred between February and July, 1924, the jury could not have been misled by the erroneous use of the word "before," and therefore there was no prejudicial error.

**8. ARGUMENT TO JURY: Assailing Character of Juror.** A statement in the argument of the prosecuting attorney to the jury that, if any juror had lied in saying that he could try the case fairly and impartially, when he was in fact prejudiced against the prohibition law, "here is the opportunity to show the character of man you are," is improper; but where the trial court sustained an objection and plainly told the jury that such argument was improper, the judgment will not be reversed because a more pointed and vigorous reprimand was not made, the evidence of defendant's guilt being strong.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1283, p. 646, n. 81; p. 647, n. 93; Section 2195, p. 874, n. 99; p. 875, n. 5; Section 2271, p. 917, n. 67; 17 C. J., Section 3331, p. 56, n. 16; Section 3336½, p. 73, n. 80; Section 3638, p. 299, n. 24; Section 3698, p. 344, n. 38. **Intoxicating Liquors,** 33 C. J., Section 383, p. 683, n. 12; Section 384, p. 683, n. 15; Section 502, p. 758, n. 80.

Appeal from Monroe Circuit Court.—Hon. Charles T. Hays, Judge.

AFFIRMED.

*Edmund Burke* for appellant.

(1) The court erred in overruling the defendant's motion to suppress the evidence obtained by the sheriff by means of an unreasonable and illegal search of the premises of defendant and Lloyd Dailey. (a) The search made on July 11th was without a search warrant and was therefore illegal. State v. McAnnaly, 259 S. W. 1042; State v. Lock, 259 S. W. 116; Constitution, sec. 11, art. 2, and Sec. 23, art. 2; Laws 1923, sec. 25, p. 244. (b) The search on July 11th was made while defendant and other occupant of the premises were illegally confined in jail "on suspicion," without process, and was therefore illegal. Gouled v. United States, 255 U. S. 298; State v. Owens, 259 S. W. 103; Ex parte Jackson, 263 Fed. 110; Constitution, sec. 11, art. 2, and Sec. 23, art. 2; Laws 1923, sec. 25, p. 244. (c) The sheriff did not forthwith make a return of the search warrant executed on July 10th as provided by Section 25, Laws 1923, p. 244, and never did return same to the officer issuing same, and evidence obtained under the search should have been excluded. (2) The period of time covered by the instruction is improper. State v. Smith, 261 S. W. 696; State v. Boarman, 193 S. W. 930. (3) The judgment should be reversed on account of improper and prejudicial remarks and argument of the prosecuting attorney and special prosecutor. State v. Snow, 252 S. W. 629; State v. Connor, 252 S. W. 713; State v. Cole, 252 S. W. 698; State v. Thompson, 238 S. W. 115; State v. Hance, 256 S. W. 534; State v. Stockton, 228 S. W. 1082; State v. Davis, 217 S. W. 87; State v. Goodwin, 217 S. W. 264; State v. Horton, 247 Mo. 657.

*North T. Gentry,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1)    No search warrant was necessary under the circumstances of this case. State v. Dailey, 280 S. W. 1044.    (2)    The argument of the prosecutor in which he urged the jury to do their duty by convicting was not erroneous. State v. Rogers, 253 Mo. 399; State v. Sherman, 264 Mo. 384; State v. White, 299 Mo. 599; State v. Hart, 237 S. W. 481; State v. McBride, 231 S. W. 594; State v. Rogers, 253 Mo. 415.    A judgment will not be reversed because of remarks made by a prosecutor unless it is apparent such language has influenced the verdict of the jury. State v. Harvey, 214 Mo. 403; State v. Tracy, 294 Mo. 372.    Further, there must be a sufficient objection. State v. Cooper, 271 S. W. 475.    (3)    Appellant also complains of error on the part of the court in admitting certain statements of Dailey relative to the sale of whiskey by him at Hannibal and Moberly.    The evidence shows that Dailey and Hinthorn were jointly engaged in an unlawful enterprise, and this entitled the State to prove any statements made by either during the continuance of such unlawful enterprise. State v. Shields, 296 Mo. 389; State v. Gatlin, 267 S. W. 797.    (4)    Appellant complains of several errors committed in permitting certain lay-witnesses to testify that certain liquids offered in evidence were whiskey, and that certain jars and bottles gave off an odor of whiskey, and that certain material offered in evidence was corn mash, because the witnesses were not shown to be experts.    This court has held that lay-witnesses who are acquainted with whiskey and the materials ordinarily used in the manufacture thereof are competent to testify to such facts even though they are not shown to be experts. The only expert witnesses that would be available in the trial of such case would be criminals, because no other persons are engaged in the manufacture of hootch and corn whiskey—hence the necessity of the case requires that the officers of the law who are familiar with these facts shall be permitted to testify to them even though they are not experts. State v. Brownfield, 256 S. W. 143.

BLAIR, J.—Defendant was convicted of the felony of setting up a still for manufacturing intoxicating liquor, in violation of Laws of 1923, page 237, Section 2. · The jury assessed his punishment at two years in the penitentiary, and defendant has appealed from the judgment entered upon such verdict.    This is a companion case to State v. Lloyd Dailey, 280 S. W. 1044, in which case the facts are practically identical with those in the case at bar.

Defendant and Dailey were single men and "batched" together on a rented farm in Monroe County.    Defendant claimed that he worked for Dailey, but had a garden on the farm which he worked for himself.    On the night of July 10, 1924, the prosecuting Attorney and the Sheriff of Monroe County and two constables, armed with a search warrant, proceeded to the premises occupied by defendant

and Dailey, and made a search of the house, yard and outbuildings and found a number of jars, jugs and whiskey bottles, empty but smelling strongly of whiskey. They also found a sack of corks. They searched for a still until their flash-light failed them. They arrested defendant and Dailey and took them to jail. The search was continued the following morning by the sheriff and one Dawson. Upon the premises and about one-fourth of a mile from the house and in a dense thicket, they found two barrels of corn mash and a still fully connected up for making whiskey. Some whiskey was in the coil, evidencing previous operation of the still in making whiskey. The still was removed and part of the mash taken. Both were produced at the trial.

The State's evidence tended to prove that, the next morning after the still was found, both defendant and Dailey admitted that they were jointly engaged in operating the still. One Harker, a private detective employed by the Prosecuting Attorney and Sheriff of Monroe County, testified that he made two purchases of whiskey from defendant during the afternoon of July 10, 1924, and that defendant offered to sell him whiskey in quantity at a reduced price. Said Harker testified that defendant told him that he and his partner (Dailey) were making whiskey. Harker turned over the purchased whiskey to the prosecuting attorney on the same day and said whiskey was produced at the trial.

Defendant testified in his own behalf and denied making any sales of whiskey to Harker and disclaimed ownership of any still and denied the operation of a still or any knowledge of its presence on the farm. He also denied knowledge of the presence on the place of bottles, jugs, etc., except the corks. He testified that the corks were left there, with certain other property, by a neighbor named Hinthorn, who was no relation to the defendant. Defendant also denied making admissions of ownership of any part of the still and the making of statements that he and his partner were operating the still and making whiskey. Dailey's testimony was practically the same as that of defendant.

Their story, corroborated by that of one Moore, was that Harker drove to the Dailey place and represented himself as Smith, an oil salesman; that Harker produced bottles of whiskey from his automobile, from which all present took drinks. The time of this occurrence was fixed at about the time fixed by Harker as the times when he purchased the whiskey from defendant.

One of the assignments of error is that the information is insufficient. The information in the companion case is identical in its allegations of facts constituting the crime charged and was fully approved in State v. Dailey, 280 S. W. 1044; also see cases therein cited.

The evidence is said to be insufficient to support the verdict. The facts above detailed are manifestly sufficient to make a case for the jury. We made the same ruling in the Dailey case upon practically the same facts.

Error is assigned to the action of the trial court in overruling defendant's motion to suppress the evidence obtained under the search warrant. Assuming, without so deciding, that the motion to suppress evidence has been preserved in such a manner as to be properly before this court, there is not the slightest merit in the only contention seriously made here. It is said that a second search of the premises was made and that such second search was without the authority of any search warrant. Waiving the fact that defendant claimed no right of possession in the premises, other than a small garden spot, and made no pretense of being more than Dailey's hired man, and hence is in no position to claim that his premises were unlawfully searched, the evidence clearly shows that there was only one complete search of the premises. True, such premises were partly searched at one time and partly searched a few hours later. The search, begun on the night of July 10th, was interrupted by reason of the failure of the flash-light. The sheriff then had to await daylight to complete the search. The search made on the morning of July 11th was merely a continuation of the search authorized by the search warrant. It is mere quibbling to contend that there was a second and separate search without any search warrant.

Of equally little merit is the contention that the evidence obtained under the search warrant should have been suppressed because the sheriff failed to file a return upon such search warrant in the office of the justice of the peace *after the search was made.* We are not advised how the subsequent conduct of the sheriff, in failing to make prompt return upon the search warrant, could possibly affect the validity of the search which necessarily must have been made before there could have been any return made upon the search warrant. We are not here concerned with any personal liability to the justice of the peace which the sheriff may have incurred by reason of his failure to make prompt return upon the search warrant.

Error is assigned in that jurors Hagen and Bridgeford were incompetent to sit upon the jury because they were related to attorneys representing the State. The right of neither of said jurors to sit upon the panel was challenged by the defendant. The trial court was not asked to make any ruling whatever in respect to their qualifications as jurors. As a result no exceptions were taken to adverse rulings. Hence, the assignment is not before us for consideration.

The trial court is charged with error in the admission and exclusion of evidence. Counsel for defendant has cited numerous pages of the bill of exceptions where such errors are alleged to appear.

Most of the instances to which we are cited are clearly without merit. We will discuss a few of them which apparently deserve notice.

Admission of the testimony of the witness Harker concerning an alleged statement of Dailey that he had sold liquor in Hannibal was not error, because it appeared that defendant was present and was engaged in the same general conversation and such statement was apparently made in connection with the alleged statement of defendant that he and Dailey were partners in making whiskey.

The objection to the qualifications of the prosecuting attorney to testify as an expert that the liquid contained in the bottles was "hootch" whiskey came too late, as the question was answered before the objection was made. A number of questions leading up to the particular matter and fully disclosing the purpose of the examination had been asked of the witness and answered by him before the question now urged as improper was asked. Defendant cannot be permitted to take a chance upon a favorable answer and wait until the answer is in before objecting to the question. The objection was not well taken, even if timely made, because all the evidence upon the subject tended to show that the prosecuting attorney was qualified to answer the question.

The assignment of error in improperly permitting cross-examination of the defendant upon matters not referred to by him upon his direct examination is not well taken, because no such objection was made during the entire cross-examination.

Practically all of the instructions are assailed as improper. We have carefully examined them and find no merit in the criticisms made. They are in the usual form. In addition to the main instruction, which follows the language of the statute and is based upon the evidence and outlines the facts necessary to authorize conviction, the instructions cover the subjects of circumstantial evidence, statements made by defendant, reasonable doubt, and credibility of witnesses. They have been approved in substantially the same form so frequently that it is unnecessary to set them out.

Instruction 1, which is the main instruction in the case, is challenged because it told the jury, among other things, that if the defendant committed the act charged against him "at any time before the 26th day of June, 1923, and the 12th day of July, 1924," etc., it should find defendant guilty. The evident intent in drafting the instruction was to fix the time *after* June 26, 1923, when the law became effective, and before the filing of the information. There is not the slightest question under all of the evidence that the act of defendant in setting up and operating a still, if he did so at all, occurred between February, 1924, and July, 1924, and prior to the filing of the information. The jury could not possibly have been misled by the palpable error made in fixing the date in the instruc-

tion and defendant clearly suffered.not the slightest prejudice thereby. Other criticisms of the instructions are similarly wanting in merit.

Complaint is made of alleged improper argument by counsel for the State. The suggestion in argument that if any juror had lied in saying that he could try the case fairly and impartially, when he was in fact prejudiced against the prohibition law, "here is the opportunity to show the character of man you are," was doubtless improper. It was an implication that a verdict of not guilty would indicate prejudice against the prohibition law by the jury and would indicate that jurors had not answered truthfully when they had been asked about such prejudice. The court sustained the objection to this line of argument made by counsel for defendant and warned the prosecuting attorney of the impropriety of his argument. Defendant excepted to the sufficiency of the reprimand. The reprimand might well have been more pointed and vigorous, but the jury were plainly told that such argument was improper. In view of the strong evidence of guilt of the defendant, we do not regard the failure of the trial court to administer a more pointed and vigorous reprimand as constituting reversible error.

We deem it unnecessary to notice other matters of argument to which the record discloses objections were made. Some of such objections were general and therefore amounted to no legal objection. Others were lodged against argument which was clearly proper argument. Still others were made to argument of such trifling importance as not to affect the result or to deserve separate consideration, even if improper.

The case was well tried. The evidence of guilt was clear and satisfactory. There is not the slightest basis in the record for the contention that the verdict was the result of passion and prejudice on the part of the jury.

The judgment is affirmed. All concur.